UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DEVIN THIBODEAUX, ET AL.** | **CIVIL ACTION NO. 6:21-0061** |
| **VERSUS** | **JUDGE JUNEAU** |
| **ADAM BERNHARD, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Pending before the undersigned magistrate judge is the Motion to Dismiss, or Alternatively, for a More Definite Statement [Doc. 5], filed by defendants Adam Bernhard, Seth Bernhard, Kenneth W. Bernhard, and Kerkas, LLC ("collectively, "defendants"). The motion is opposed by the plaintiffs, Devin Thibodeaux and Herby Angelle ("plaintiffs") [Doc. 16], and the defendants filed a reply brief [Doc. 19]. For the following reasons, the Motion to Dismiss is DENIED, and the Motion for More Definite Statement is GRANTED, to the extent that the plaintiffs will be permitted to amend their complaint, all as set forth more fully below.

## FACTUAL BACKGROUND

The instant lawsuit arises out of a confrontation between the plaintiffs and defendants while the plaintiffs were attempting to crawfish in an area known as "Lost

Lake." Plaintiffs, a grandfather and his grandson,[1] are licensed commercial crawfishermen. Plaintiffs allege that on or about January 25, 2020 and for weeks before then, they had been laying their crawfish traps in "Lost Lake," which is located along the flooded banks of the Atchafalaya River. Plaintiffs allege that Lost Lake is situated just across the river from the unincorporated village of Butte Larose, in St. Martin Parish, Louisiana. Plaintiffs further allege that the waterway on which they were fishing is located over lands owned by defendants Kenneth Bernhard and Kerkas, LLC, which is owned by Kenneth Bernhard. Defendant Adam Bernhard, Kenneth Bernhard's adult son, manages the said properties and is in charge of overseeing them on behalf of Kenneth Bernhard and his corporation.

Plaintiffs allege that on the date in question, they were in the process of harvesting their crawfish traps in this waterway when Adam Bernhard intercepted and collided with the skiff occupied by Devin Thibodeaux. Herby Angelle was in another skiff located a short distance away. Plaintiffs allege that Adam Bernhard verbally accosted them, declared they were trespassing, and ordered that they retrieve their traps, exit the property, and never return. Adam Bernhard summoned a Sheriff's deputy, who shortly thereafter issued a criminal trespass citation to each

---

[1] Despite reading the pleadings and all briefs, it is unclear to this Court which plaintiff is the grandfather and which plaintiff is the grandson.

of the plaintiffs. Plaintiffs allege that the citations are currently pending with the St. Martin Parish Sheriff and have not been referred for prosecution.

Plaintiffs filed suit on January 11, 2021, alleging that the defendants' actions were, in effect, a conversion under Louisiana law, which caused the plaintiffs to have to pull up their traps and left them unable to harvest their crawfish over the remainder of the crawfish season. The plaintiffs allege they suffered suffer economic damages in the amount of $30,000 each, which they seek in damages as lost sales, as well as all court costs. In their Complaint, the plaintiffs allege that this Court has jurisdiction over the case under federal maritime law, as the acts complained of occurred within the historically and factually navigable waters of the Atchafalaya River.

In the instant motion, defendants seek dismissal of all claims against them, challenging the plaintiffs' invocation of this Court's maritime jurisdiction. Alternatively, the defendants request that the plaintiffs amend their pleadings to more sufficiently and accurately described the location of the incident and the specific actions of the defendants, all as more fully set forth below.

## II. LAW AND DISCUSSION

**1. Rule 12(b)(1) Standard**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear

a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *citing Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980). In evaluating jurisdiction, the Court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).

**2. Maritime Jurisdiction**

Under the *Grubart* test, for admiralty jurisdiction to exist over a tort claim, both the location and the connection-to-maritime-activity tests must be satisfied. *See In re Katrina Canal Breaches Litig.*, 324 F. App'x 370, 376 (5th Cir. 2009), *citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 534, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). The *location test* requires the tort to have occurred on navigable water or, for an injury suffered on land, to have been caused

by a vessel on navigable water. *Id.* (citing 46 U.S.C. §740); *see also Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey,* 183 F.3d 453, 456 (5th Cir.1999). An artificial canal can constitute a navigable body of water, provided it is used as "a highway for commerce between ports and places in different states". *In re Boyer,* 109 U.S. 629, 632, 3 S.Ct. 434, 27 L.Ed. 1056 (1884).

The *connection-to-maritime-activity test* has two sub-parts: First, a court must assess the general features of the type of incident involved to determine whether the incident has a *potentially disruptive impact on maritime commerce.* Second, a court must determine whether *the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. Grubart,* 513 U.S. at 534, 115 S.Ct. 1043 (emphasis added; internal citations and quotation marks omitted); *see also, e.g., Texaco Exploration & Prod. v. AmClyde Engineered Prods. Co.,* 448 F.3d 760, 770–71 (5th Cir.2006); *Strong v. B.P. Exploration & Prod., Inc.,* 440 F.3d 665, 669 (5th Cir.2006). "The key inquiry is whether the allegedly tortious activity is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." *Strong,* 440 F.3d at 669 (citations and internal quotation marks omitted).

In the instant case, defendants first argue that the plaintiffs have not sufficiently alleged the location of the alleged incident for the purpose of the location test under *Grubart*. Defendants argue that the plaintiffs' allegation that the complained-of incident occurred "within the historically and factually navigable waters of the Atchafalaya River in St. Martin Parish" is vague and insufficient. They further argue in their reply brief to the plaintiffs' opposition that the plaintiffs are improperly attempting to expand their pleadings by providing more detailed allegations of where the incident occurred in their opposition brief to the instant motion, as follows:

- The Complaint states that "… the acts complained of … occurred within the historically and factually navigable waters of the Atchafalaya River in St. Marin Parish, Louisiana…" The opposition attempts to alter the allegation: "Defendants own property in St. Martin Parish located in Lost Lake, a 'perched' lake, which is navigable and is replenished by the rising and falling waters of the Atchafalaya River…"

- The Complaint states that Complainants "…**had laid their crawfish traps** in the actually and historically navigable waters along the flooded banks of the Atchafalaya River **over lands owned by defendants** Kenneth W. Bernhard and Kerkas LLC, which is owned by Kenneth W. Bernhard…." The opposition attempts to alter the allegation: "…**plaintiffs placed their crawfish traps in Lost Lake over Sections 14, 13, 12 and 8, which was not on defendants' property**…**the traps were not on the defendants' property**…" Thereafter, the opposition attempts, yet again, to alter the allegation: Complainants contend that "…**Most of plaintiffs' crawfish traps were not located in waters over defendants' properties**, **but rather in water over**

6

> **the lands of others west of defendants'…" located in waters over defendants' properties**, **but rather in water over the lands of others west of defendants'…"**[2]

The defendants also allege that the plaintiffs fail to plead sufficient facts to satisfy the connection test under *Grubart*. Under this test, the court must consider whether the "tortfeasor's activity, commercial or noncommercial, on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." *Strong,* 440 F.3d at 669

Defendants argue that the Complaint alleges that the tortfeasor's activity consisted of verbal accosting, declaration of trespass, and verbal orders to leave the property. However, the defendants go on to argue in their reply brief that the plaintiffs attempt to expand this allegation in their opposition brief, to wit:

> The First Amended Complaint states that "Adam Bernhard and Seth Bernhard **verbally accosted them, declared they were trespassing and ordered that they retrieve their traps, exit the property and never return**." The opposition attempts to wildly alter the allegation, improperly trying to add no fewer than four new, "beefed-up" statements: (a) "…Mr. Bernhardt [sic] … **threatened [Complainants] with criminal prosecution -- all with a threatening, intimidating and caustic tone**…"; (b) "…**defendants constructively seized more than 100 crawfish traps randomly disbursed across Lost Lake**…"; (c) "**By forbidding travel through the channel, defendants effectively cut off all access to Lost Lake and denied fishermen access to the crawfish traps situated in the waters over the property**

---

[2] *See* defendants' reply brief, Doc. 19, at pp. 3-4 (emphasis in original).

>   **of others within Lost Lake**, and thereby constructively taking possession of all crawfish traps"; and (d) "…**defendants' actions…were 'acts of piracy'**…"[3]

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed R Civ.P. 8(a)(2). "Under the Federal Rules of Civil Procedure's requirement of notice pleading, defendants in all lawsuits must be given notice of the specific claims against them." *Smitty's Supply, Inc. v. Hegna*, 2019 WL 1084743, at *2 (E.D. La. Mar. 7, 2019), *citing Anderson v. U.S. Dep't of House. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). While the claimant is not required to plead specific facts, "the complaint must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.*, *quoting Bell Atl. Corp. v*[4]. *Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "pleadings cannot be expanded via an opposition memorandum." *Beard v. Wolf*, 2014 WL 3687236, at *2 (E.D. La. July 23, 2014); *see also Herster v. Bd. of Supervisors of Louisiana State Univ.*, 221 F. Supp. 3d 791, 794 (M.D. La. 2016) (disallowing plaintiff's attempt to broaden pleadings through argument in dispositive motions).

Here, the undersigned concludes that the pleadings in this matter do not put the defendants on sufficient notice of the alleged location of the complained-of

---

[3] *Id.* at p. 4.
[4]

incident, nor do the allegations regarding the actions of the defendants contain sufficient facts for this Court to determine whether there is a sufficient connection to maritime activity to satisfy *Grubart*. However, because the motion before the Court alternatively seeks a more definite statement, and because no scheduling order has been issued in this matter, the undersigned concludes that dismissal is not appropriate. Rather, the plaintiffs should be permitted to amend their complaint to more specifically allege the location of the alleged incident, and to clarify their allegations regarding the specific actions of the defendants giving rise to the claims pled. The motion seeks the foregoing as an alternative remedy, and the plaintiffs request the same relief in their opposition brief.

## IV. CONCLUSION

Thus, for the foregoing reasons, the Motion to Dismiss, or Alternatively, for a More Definite Statement [Doc. 5] is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is DENIED WITHOUT PREJUDICE to the right of the defendants to re-urge the motion, if appropriate, after the plaintiff files an amended complaint. IT IS HEREBY ORDERED that the plaintiff shall amend their complaint within 15 days of the date of this Ruling and Order.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 22nd day of September, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

9