UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEVIN THIBODEAUX, ET AL** | **CIVIL DOCKET NO. 6:21-CV-00061** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ADAM BERNHARD, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is a MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS, OR ALTERNATIVELY, FOR AN ORDER GRANTING DEFENDANTS SEVEN DAYS TO FILE A REPLY TO PLAINTIFFS' RESPONSE (the "Motion") [Doc. 78]. The Motion is filed by Defendants, Adam Bernhard, Kenneth W. Bernhard, Seth Bernhard, and Kerkas, LLC ("Defendants"). Defendants argue that the RESPONSE TO DEFENDANTS' OBJECTIONS, [Doc. 77], filed by Plaintiffs Devin Thibodeaux and Herby Angelle ("Plaintiffs") should be stricken because "[t]he substance of Plaintiffs' Response [] indicates that … [Plaintiffs'] Response is really a set of untimely Objections" to the Report and Recommendation [Doc. 69] issued by the Magistrate Judge in this matter. *See generally* [Doc. 78-1].

After a review of Defendants' Objections [Doc. 74] and Plaintiffs' Response [Doc. 77], the Court finds that – on the whole – both Motions address the same subject matter. *Compare* [Doc. 74, pp. 2–4] *with* [Doc. 77, pp. 1–2] (where both parties discuss the legal conclusions of the Magistrate Judge); [Doc. 74, p. 5] *with* [Doc. 77, pp. 8–9] (where both parties discuss *Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453 (5th Cir. 1999)); [Doc. 74, at pp. 6-9] *with* [Doc. 77,

pp. 2–7] (where both parties discuss the navigability-in-fact of Lost Lake); [Doc. 74, p. 7] *with* [Doc. 77, pp. 7–8] (where both parties discuss *Parm v. Shumate*, 513 F.3d 135 (5th Cir. 2007)).

However, Plaintiffs dedicate much of their Response to arguments that do not bear on this Court's admiralty jurisdiction. *See, e.g.,* [Doc. 77, pp. 3–5] (where Plaintiffs argue that Lost Lake's bottom "is a public thing in trust to [Louisiana]" under La. C.C. art. 450 et seq.); *id.* at p. 10 (where Plaintiffs argue Lost Lake "is subject to public use and state control" because "it was probably navigable in 1812 when [Louisiana] was created"). These arguments go to the merits of this dispute and are irrelevant for present purposes.

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS, OR ALTERNATIVELY, FOR AN ORDER GRANTING DEFENDANTS SEVEN DAYS TO FILE A REPLY TO PLAINTIFFS' RESPONSE [Doc. 78] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that any portions of Plaintiffs' RESPONSE TO DEFENDANTS' OBJECTIONS [Doc. 77] relating to Plaintiffs' "right to access [Lost Lake] and crawfish within it" are STRICKEN and will not be considered by the Court.

IT IS FURTHER ORDERED that Defendants are given until the close of business on June 8, 2023, to file a short Reply to Plaintiffs' RESPONSE TO DEFENDANTS' OBJECTIONS [Doc. 77].

THUS, DONE AND SIGNED in Chambers on this 5th day of June 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE